**SO ORDERED.**

**SIGNED this 23 day of February, 2009.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL G. SCRIVANI<br>SONJA K. SCRIVANI,<br><br>      Debtors; | No. 07-11300<br>Chapter 7 |
| VERONICA M. SUTTLES, Individually, and<br>as Mother and Best Friend of<br>CARMEN DESHAY PUCKETT,<br>COURTNEY DESHELL PUCKETT,<br>CHRISTOPHER DEJUAN SUTTLES, and<br>COYA DECOLE GREEN,<br><br>      Plaintiffs, | |
| v.<br><br>MICHAEL G. SCRIVANI,<br><br>      Defendant. | Adversary Proceeding<br>No. 07-1062 |

**MEMORANDUM AND ORDER**

This adversary proceeding was commenced by Veronica M. Suttles, individually, and as mother and best friend of Carmen DeShay Puckett, Courtney DeShell Pucket, Christopher DeJuan Suttles, and Coya DeCole Green ("Plaintiffs") against the defendant, Michael G. Scrivani ("Defendant"). The complaint sought a judgment against the defendant for certain acts committed by the defendant as well as a finding that the judgment is non-dischargeable.

On August 28, 2007, the court entered an Order and Notice of Trial in which the court ordered, "Unless the court directs otherwise, the opposing party must file a response [to a dispositive motion] within twenty (20) days after the date of filing of the motion. Any response must be supported by a brief setting forth the facts and the law in opposition to the motion. A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion. After the time for response has expired, the court may rule on the motion without a hearing." Furthermore, pursuant to Local Rule 7007-1, a failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion.

On January 16, 2009, the Plaintiff filed a Motion and Brief Requesting Determination of Nondischargeability. Pursuant to the court's scheduling order, a response was due on or before February 5, 2009. No response has been filed by the defendant.

The court is required to make an independent determination that the motion has merit. *Miller v. Shore Financial Services, Inc.*, No. 04-1789, 2005 WL 1579515, at *1 (6th Cir. July 5, 2005). The court has reviewed the record, including the complaint, the answer, and the Motion Requesting Determination of Nondischargeability with the attached copies of the jury's Judgment Order with Jury Verdict forms as well as the Hamilton County Circuit Court judge's Order denying the defendant's Motion for New Trial or in the Alternative to Alter or Amend the Judgment. The court finds that the motion should be granted for the reasons set forth in the motion. Accordingly,

It is ORDERED that the Motion Requesting Determination of Nondischargeability by

Veronica M. Suttles, Individually and as Mother and Best Friend of Carmen DeShay Puckett, Courtney DeShell Puckett, Christopher DeJuan Suttles, and Coya DeCole Green is GRANTED, and the judgment of the Circuit Court of Hamilton County, Tennessee, against Michael G. Scrivani in *Veronica Suttles, et al. v. Michael G. Scrivani, et al.*, Docket No. 05C1336, is non-dischargeable under 11 U.S.C. § 523(a)(6).

# # #